THE STATE, EX REL. FANT, APPELLANT, *v.* TRUMBO, JUDGE, APPELLEE.

[Cite as State, ex rel. Fant, *v.* Trumbo (1986), 22 Ohio St. 3d 207.]

(No. 85-566—Decided March 12, 1986.)

*Henry J. Fant*, pro se.

*John D. Maddox*, director of law, and *Heather Graham-Oliver*, for appellee.

*Per Curiam.* Appellee's February 27, 1985 filing with the clerk of the municipal court of his own statement of the evidence or proceedings mooted the relief requested by appellant in the mandamus action filed below.

The court of appeals properly found that "* * * the App. R. 9(C) record now settled by the trial judge satisfied his duty in this matter by reciting that the trial judge heard no further evidence after receiving the referee's report." Moreover, while App. R. 9(C) does mandate settlement and approval by the trial court of a statement of evidence or proceedings,

such approval is not required by the trial court as to those statements of evidence or proceedings which the trial court finds inaccurate.

Any questions appellant has concerning the adequacy or accuracy of appellee's statement of the evidence or proceedings can be raised on appeal to the court of appeals. App. R. 9(E) provides that "* * * either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

By reason of the foregoing, the judgment of the court of appeals, dismissing the mandamus complaint, is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.