THE STATE, EX REL. HULL, *v.* GAUGHAN, JUDGE, ET AL.

[Cite as State, ex rel. Hull, *v.* Gaughan (1988), 39 Ohio St. 3d 145.]

(No. 88-784—Submitted July 27, 1988—Decided October 19, 1988.)

146

*Floyd J. Hull, pro se.*

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellees.

*Per Curiam.* In order for either mandamus or procedendo to issue, appellant must establish a clear legal right to the relief requested. *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 80, 526 N.E. 2d 786, 787 (mandamus); *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 50-51, 451 N.E. 2d 225, 226 (mandamus); *State, ex rel. Smith,* v. *Friedman* (1970), 22 Ohio St. 2d 25, 51 O.O. 2d 41, 257 N.E. 2d 386, paragraph two of the syllabus (procedendo); *State, ex rel. Ratliff,* v. *Marshall* (1972), 30 Ohio St. 2d 101, 102, 59 O.O. 2d 114, 115, 282 N.E. 2d 582, 584 (procedendo).

This court has held that where a verbatim transcript of proceedings exists and there is no allegation that one cannot be provided, there is no clear duty to sign a narrative statement supplied pursuant to App. R. 9(C). *State, ex rel. Corona,* v. *Harris* (1980), 63 Ohio St. 2d 95, 17 O.O. 3d 58, 406 N.E. 2d 1120. Indeed, the rule itself makes

this plain. It provides that such statements are proper only "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable * * *."

Accordingly, the court of appeals' decision dismissing the petitions in mandamus and procedendo must be affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.