OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio. Attention: Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public. The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Johnson, Appellant, v. Hunter, Judge,
Appellee.

[Cite as State ex rel. Johnson v. Hunter (1992),     Ohio
St.3d    .]

Mandamus to compel settling and approval of statement of
    evidence -- App.R. 9(C) -- Writ denied, when.

(No. 90-1717 -- Submitted April 14, 1992 -- Decided July
22, 1992.)

Appeal from the Court of Appeals for Cuyahoga County, No.
59570.

Appellant, Richard G. Johnson, alleged that he was a
defendant in a case tried before appellee, Sara R. Hunter, in
the Cleveland Heights Municipal Court, Traffic Division. He
further alleged that he had appealed her decision in that case
and filed with her a statement of evidence for settlement and
approval under App.R. 9(C), and that she had refused to settle
or approve the statement of evidence. Appellant filed this
mandamus action in the court of appeals to compel her to do
so. Appellee filed a motion to dismiss, which the court of
appeals granted, and appellant appealed.

The cause is before the court upon an appeal as of right.


Richard G. Johnson, pro se.
Kim T. Segebarth, Assistant Director of Law, for appellee.


Per Curiam.   Appellant raises five propositions of law on
appeal, including that the court of appeals erred by granting a
motion to dismiss that raised matters outside the pleading.
Appellee attached to her motion to dismiss below an affidavit
of the Clerk of the Cuyahoga Heights Municipal Court, which
stated that an audio recording of the trial existed in the
underlying case. While the court of appeals did not refer to
the affidavit in its decision, it did refer to documents filed
in the underlying case, thus invoking matters outside the
pleading. Therefore, pursuant to Civ.R. 12(B), the court of
appeals should have treated the motion to dismiss as a motion
for summary judgment, given appellant notice of that decision,
and allowed him "reasonable opportunity to present all
materials made pertinent to such a motion by Rule 56."

However, instead of remanding the case, we consider it as if it had been originally filed in this court. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384.

The validity of appellant's complaint rests on three assertions: (1) that no court reporter was present at his trial in the municipal court, (2) that appellee refused to settle or approve his statement of evidence, and (3) that appellee had a clear duty to do so pursuant to App. R. 9(C). App.R. 9(C) requires a trial court to act on request for settlement and approval of a statement of evidence "prior to the time for transmission of the record [to the appellate court] pursuant to Rule 10." However, the trial court's duty to act arises only "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable * * *." App.R. 9(C) then requires the clerk of the trial court to include the statement in the record only "as settled and approved."

It is clear that the absence of a report or unavailability of a transcript, not the presence or absence of a court reporter, is the condition precedent necessary to invoke App.R. 9(C). It is clear from paragraphs nine and twelve of the complaint that appellee acted on the statement by refusing to settle or approve it prior to the transmission date. Since the court did not settle or approve the statement, it is clear that the clerk had no duty to include the statement in the record on appeal. (Moreover, the clerk has not been joined as a respondent.)

R.C. 2731.03 states:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

We hold that appellee performed her duty under App.R. 9(C) to act on the statement of evidence by refusing to settle or approve it, which was clearly shown by the complaint, and that appellant's action in mandamus is but a contrived effort to control appellee's discretion in violation of R.C. 2731.03. See, also, State ex rel. Hull v. Gaughan (1988), 39 Ohio St.3d 145, 529 N.E.2d 1374, and State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207, 22 OBR 359, 489 N.E.2d 1316, in which we approved dismissal of writs of mandamus to compel settlement and approval of statements of evidence. Accordingly, alternative grounds to dismiss the complaint existed, and we affirm the judgment of the court of appeals on this basis.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.