THE STATE EX REL. JOHNSON, APPELLANT, *v.* HUNTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Johnson v. Hunter* (1992), 64 Ohio St.3d 243.]

(No. 90–1717—Submitted April 14, 1992—Decided July 22, 1992.)

*Richard G. Johnson, pro se.*

*Kim T. Segebarth,* Assistant Director of Law, for appellee.

---

*Per Curiam.* Appellant raises five propositions of law on appeal, including that the court of appeals erred by granting a motion to dismiss that raised matters outside the pleading. Appellee attached to her motion to dismiss below an affidavit of the Clerk of the Cleveland Heights Municipal Court,

which stated that an audio recording of the trial existed in the underlying case. While the court of appeals did not refer to the affidavit in its decision, it did refer to documents filed in the underlying case, thus invoking matters outside the pleading. Therefore, pursuant to Civ.R. 12(B), the court of appeals should have treated the motion to dismiss as a motion for summary judgment, given appellant notice of that decision, and allowed him "reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." However, instead of remanding the case, we consider it as if it had been originally filed in this court. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384.

The validity of appellant's complaint rests on three assertions: (1) that no court reporter was present at his trial in the municipal court, (2) that appellee refused to settle or approve his statement of evidence, and (3) that appellee had a clear duty to do so pursuant to App.R. 9(C). App.R. 9(C) requires a trial court to act on request for settlement and approval of a statement of evidence "prior to the time for transmission of the record [to the appellate court] pursuant to Rule 10." However, the trial court's duty to act arises only "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable * * *." App.R. 9(C) then requires the clerk of the trial court to include the statement in the record only "as settled and approved."

It is clear that the absence of a report or unavailability of a transcript, not the presence or absence of a court reporter, is the condition precedent necessary to invoke App.R. 9(C). It is clear from paragraphs nine and twelve of the complaint that appellee acted on the statement by refusing to settle or approve it prior to the transmission date. Since the court did not settle or approve the statement, it is clear that the clerk had no duty to include the statement in the record on appeal. (Moreover, the clerk has not been joined as a respondent.)

R.C. 2731.03 states:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

We hold that appellee performed her duty under App.R. 9(C) to act on the statement of evidence by refusing to settle or approve it, which was clearly shown by the complaint, and that appellant's action in mandamus is but a contrived effort to control appellee's discretion in violation of R.C. 2731.03. See, also, *State ex rel. Hull v. Gaughan* (1988), 39 Ohio St.3d 145, 529 N.E.2d 1374, and *State ex rel. Fant v. Trumbo* (1986), 22 Ohio St.3d 207, 22 OBR 359, 489 N.E.2d 1316, in which we approved dismissal of writs of mandamus to

compel settlement and approval of statements of evidence. Accordingly, alternative grounds to dismiss the complaint existed, and we affirm the judgment of the court of appeals on this basis.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.