The STATE of Ohio ex rel. HALL

v.

WATKINS.

[Cite as *State ex rel. Hall v. Watkins* (1998), 126 Ohio App.3d 389.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72833.

Decided Feb. 19, 1998.

*Henry Hall, pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Cathie T. Chancellor,* Assistant Prosecuting Attorney, for respondent.

PATRICIA A. BLACKMON, Administrative Judge.

On July 3, 1997, the relator, Henry Hall, commenced this mandamus action against the respondent, Benjamin F. Watkins, a court reporter, to compel the reporter to send him the transcripts and other papers as ordered by the trial court in the underlying case, *State of Ohio v. Henry Hall,* Cuyahoga County Common Pleas Court case No. CR–319360. On September 12, 1997, the respondent, through the Cuyahoga County Prosecuting Attorney, moved to dismiss on the grounds that the relator failed to state an enforceable right or duty under the Ohio Public Records Act, R.C. 149.43. Hall never filed a response to this motion. On December 4, 1997, this court denied the motion to dismiss, because public records law is not applicable to this case.

On January 21, 1998, the respondent moved for summary judgment. He argued, *inter alia,* that this mandamus action was brought against the wrong respondent and that the transcript was delivered to Hall on three separate occasions. Attached to the dispositive motion was the affidavit of Robert Kraksa, who stated that he was the court reporter in the underlying case on March 27, 1995, and that he has prepared the transcript which he sent to the then known address of Hall on September 4, 1996, and again on January 8, 1998. Additionally, at the request of Hall he made another copy of the transcript, which a family member of Hall picked up at the Justice Center on April 12, 1997. On February 3, 1998, Hall filed his opposition, which he signed and had notarized. Hall submitted that he has not received a full, complete transcript, which he needs to file a delayed appeal. Moreover, he accused the prosecutor and the court

reporter's office of compromising his transcript and other records relating to his case.

[1, 2] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Hall has several available adequate remedies at law which preclude mandamus relief. To the extent that the court reporter may have missed or misunderstood what portions of the record needed to be transcribed, Hall may petition the trial court to have those portions transcribed; in doing so, he should specify what parts of the record have been missed. To the extent that the court reporter has wilfully not fulfilled his obligations, Hall may file a motion to show cause with the trial court. To the extent that the record for appeal needs to be completed or corrected, he may file an appropriate motion pursuant to App.R. 9(E), when and if he obtains approval for a delayed appeal. *State ex rel. Fant v. Trumbo* (1986), 22 Ohio St.3d 207, 22 OBR 359, 489 N.E.2d 1316, and *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 664 N.E.2d 930.

Accordingly, for the above-stated reasons, this court grants the respondent's motion for summary judgment and dismisses this writ action. Costs assessed against relator.

*Cause dismissed.*

NAHRA, J., concurs.