JOURNAL ENTRY AND OPINION
Relator avers that she is a party in In the Matter of: Litten, Cuyahoga County Juvenile Court Case No. 9611473, in which an appeal to this court is pending as Case No. 75671. Relator avers that she has filed a proposed statement of the evidence or proceedings in Case No. 9611473 under App.R. 9(C) but respondent has not settled and approved the App.R. 9(C) statement. Relator requests that this court compel respondent judge to settle and approve the App.R. 9(C) statement.
Respondent has filed a motion to dismiss and argues, inter alia, that this action is moot because respondent has filed an App.R. 9(C) statement of the evidence or proceedings. We take judicial notice of the fact that respondent did sign and the clerk of juvenile court did accept for filing a 9 C Statement. See State ex rel. Nelson v. Russo (2000),89 Ohio St.3d 227, 228, 729 N.E.2d 1181, 1182, reconsideration denied (2000) 89 Ohio St.3d 1491, ___ N.E.2d __. The 9 C Statement incorporates the magistrate's Rule 9(E) Correction or Modification of Record which is signed by the magistrate and respondent as well as filed with the clerk of juvenile court. See attachments to Respondent's Motion to Strike (Motion No. 16674).
In State ex rel. Nelson v. Russo (Oct. 21, 1999), Cuyahoga App. No. 76862, unreported, which was appealed to the Supreme Court of Ohio as Nelson, supra, 89 Ohio St.3d 227, the relator requested that this court issue either a writ of mandamus or a writ of procedendo compelling the respondent judge to issue findings of fact and conclusions of law with respect to a petition for postconviction relief.
 The entry and findings of fact and conclusions of law attached to Judge Russo's dismissal motion established that Judge Russo had performed the requested act. Neither mandamus nor procedendo will compel the performance of a duty that has already been performed.
 State ex rel. Grove v. Nadel (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305.
Nelson, supra, 89 Ohio St.3d at 228, 729 N.E.2d at 1182. Likewise, in this action, respondent has discharged his duty to settle and approve the App.R. 9(C) statement of the evidence or proceedings.
Furthermore, in State ex rel. Fant v. Trumbo, 22 Ohio St.3d 207,489 N.E.2d 1316, the Supreme Court approved dismissal of writs of mandamus to compel settlement and approval of statements of evidence. State ex rel. Johnson v. Hunter (1992), 64 Ohio St.3d 243,244-245,594 N.E.2d 614, 616, rehearing denied (1992), 65 Ohio St.3d 1413,598 N.E.2d 1165. As a consequence, this court — in the exercise of its original jurisdiction — will not entertain questions regarding the form and content of an App.R. 9(C) statement of the evidence or proceedings. Rather, this court will only entertain such questions in the exercise of its appellate jurisdiction. State ex rel. Metro Builders, Inc. v. Jones (Dec. 14, 1995), Cuyahoga App. No. 69566, unreported, at 5, et seq. (dismissing an action in procedendo seeking to compel the respondent judge to file a satisfactory statement of the evidence or proceedings).
Accordingly, respondent's motion to dismiss as moot is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
DIANE KARPINSKI, P.J., JAMES D. SWEENEY, J., CONCUR.
 _________________________ JOHN T. PATTON, JUDGE