DECISION AND JUDGMENT ENTRY
David M. Selcer appeals his conviction in the Jackson County Municipal Court for speeding, a violation of R.C. 4511.21(D)(1). At trial, Selcer testified that a 1998 gray Audi passed him at a high rate of speed just before the officers stopped him in his 1997 gray Audi. Selcer contends that the trial court erred when it found him guilty of speeding. Since the state failed to file a brief, we presume the accuracy of Selcer's allegation that he was not speeding. Accordingly, we reverse the judgment of the trial court.
 I.
Selcer was in his 1997 gray Audi traveling eastbound on U.S. Route 35 in Jackson County, Ohio, when law enforcement officers stopped him and issued a citation for speeding. Selcer pled not guilty to the charge. The matter proceeded to a bench trial, where Selcer testified that a 1998 gray Audi passed him at a high rate of speed just before the officers stopped him. The court found Selcer guilty and issued a fine of twenty-five dollars plus costs.
Selcer timely filed a notice of appeal. In conjunction with his appeal, Selcer served a "Statement Pursuant to Appellate Rule 9(D)" upon the state and filed the statement with the trial court. Neither the state nor the trial court acted upon the App.R. 9(D) statement.
Selcer appealed, alleging that the trial court erred when it found him guilty of speeding. Selcer contends that he did not speed, and that the law enforcement officers observed another gray Audi speeding.
 II.
When an appellant sets forth an assignment of error that requires the reviewing court to review the evidence presented in the trial court, it is the appellant's duty to provide the reviewing court with a complete or partial transcript pursuant to App.R. 9(B), a statement of the evidence pursuant to App.R. 9(C), or an agreed statement of the case pursuant to App.R. 9(D). App.R. 9; State Farm Mut. Auto. Ins. Co. v. Peller (1989),63 Ohio App.3d 357, 362, citing Conway v. Ford Motor Co. (1976),48 Ohio App.2d 233, 236-237. In the absence of an adequate record, the reviewing court must presume the validity of the trial court's judgment.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; State v.McNamara (1997), 124 Ohio App.3d 706, 711.
Generally, a record on appeal consists of a complete record and transcript of the proceedings below. See App.R. 9(A) and (B). However, in lieu of a record and transcript, App.R. 9(D) allows the parties to an appeal to file an "agreed statement" describing the relevant facts and findings below. App.R. 9(D) requires that both parties sign the statement before it is filed with the trial court. See Roark v. U.S. Truck Trailer Sales, Inc. (Nov. 19, 1998), Cuyahoga App. No. 74809, unreported.
Upon receiving a statement filed in accordance with App.R. 9(D), the trial court shall review it to determine if it conforms to the truth. App.R. 9(D). The trial court may make any additions it considers "necessary to present fully the issues raised by the appeal." Id.
Thereupon, the statement "shall be approved by the trial court" and certified to the court of appeals as the record on appeal. Id.
The trial court thus has a duty to approve, with or without additions, an App.R. 9(D) statement submitted to it, so long as the statement otherwise satisfies the requirements of App.R. 9(D). Cf. Johnson v.Hunter (1992), 64 Ohio St.3d 243, 244 (holding that the trial court's duty to approve an App.R. 9(C) statement does not arise until the prerequisites necessary to invoke App.R. 9(C) are met). See, also, Joinerv. Illuminating Co. (1978), 55 Ohio App.2d 187, 195-196. A writ of mandamus is the appropriate means to enforce such a duty. See, generally, Johnson (denying mandamus because the prerequisites to invoke App.R. 9(C) had not been met).
In this case, the state did not sign or otherwise agree to the App.R. 9(D) statement of facts Selcer served upon it and filed with the court. Therefore, Selcer did not file the statement in accordance with App.R. 9(D), and we cannot consider it. Additionally, even if we could infer from the state's inaction its assent to the statement, the trial court did not approve the statement, and Selcer did not file a mandamus action seeking to compel the trial court to approve the statement. Thus, the App.R. 9(D) statement is not properly before this court.
Ordinarily, the absence of a transcript or a valid App.R. 9 statement or substitute statement of the evidence would end our analysis. SeeKnapp, supra. However, we are confronted in this case with the unique situation in which the state failed to file a brief despite its duty to do so in accordance with R.C. 309.08 and 1901.34. Pursuant to App.R. 18(C), when an appellee fails to timely file its brief, this court "may accept the appellant's statement of the facts and issues as correct and reverse the trial court's judgment as long as appellant's brief reasonably appears to sustain such action." App.R. 18(C). Under these circumstances, it is within an appellate court's discretion to reverse a judgment based solely on a consideration of appellant's brief. State v.Miller (1996), 110 Ohio App.3d 159, 162, citing State v. Grimes (1984),17 Ohio App.3d 71, 71-72; Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93, 95-96; Helmeci v. Ohio Bur. of Motor Vehicles (1991),75 Ohio App.3d 172, 174. Because the state did not file a brief in this case, we accept as correct the statement of the facts and issues Selcer set forth in his brief.
In his brief, Selcer alleges that he was not speeding and that the officers must have observed another gray Audi speeding. Accepting these facts as true because the state failed to file a brief, the trial court clearly erred in finding Selcer guilty.
Accordingly, we sustain Selcer's assignments of error, reverse the judgment of the trial court, and remand this case for a new trial.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Concurs in Judgment and Opinion.
Harsha, J. Dissents in Judgment and Opinion.
 _____________________ Roger L. Kline, Judge