THE STATE EX REL. HAZEL, APPELLANT, *v.* BENDER, JUDGE, APPELLEE.

[Cite as *State ex rel. Hazel v. Bender,* 129 Ohio St.3d 496, 2011-Ohio-4197.]

*Procedendo — Writ of procedendo will not issue to compel the performance of a duty that has already been performed — Court of appeals' denial of writ affirmed.*

(No. 2011-0531 — Submitted August 8, 2011 — Decided August 30, 2011.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-435, 2011-Ohio-1027.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the request of appellant, Corey Hazel, for a writ of procedendo,[1] to compel appellee, Franklin County Court of Common Pleas Judge John F. Bender, to resentence him in accordance with the court's decision in *State v. Hazel* (Mar. 31, 2010), Franklin App. Nos. 09AP-1132, 09AP-1156, 09AP-1133, and 09AP-1157. Judge Bender has resentenced Hazel. The judge's performance of the requested act rendered Hazel's procedendo claim moot. *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 2004-Ohio-3652, 811 N.E.2d 1128, ¶ 9.

{¶ 2} Hazel's claim on appeal that he was entitled to a writ of procedendo to compel his immediate release from prison because Judge Bender had unnecessarily delayed resentencing him lacks merit because no unnecessary delay occurred. Moreover, habeas corpus, rather than procedendo, is the proper action to seek release from prison. See generally *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 5 ("habeas corpus,

_____

1. The court of appeals also denied Hazel's request for a writ of prohibition, but he does not contest that ruling in his propositions of law.

rather than mandamus or prohibition, is the proper action to seek" release from prison).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Corey Hazel, pro se.

_____