[Cite as *State ex rel. Brown v. Henson*, 2014-Ohio-194.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX. REL.,<br>STEPHAN D. L. BROWN | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Petitioner | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13CA82 |
| HONORABLE JUDGE JAMES<br>HENSON | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:        Writ of Procedendo

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        January 21, 2014

APPEARANCES:

For Respondent

JAMES J. MAYER, JR.
Prosecuting Attorney
Richland County, Ohio

By: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 S. Park St.
Mansfield, Ohio 44902

For Petitioner

STEPHAN D. BROWN, PRO SE
#544-406
P.O. Box 57
Marion Correctional Institution
Marion, Ohio 43302

*Hoffman, J.*

**{¶1}** Petitioner, Stephan Brown, has filed a "Petition for Writ of Procedendo" asking this Court to order Respondent, Judge James Henson, to rule on a motion for jail time credit filed in the trial court in December 2012. Respondent has filed a motion to dismiss the complaint as moot. Petitioner has not filed a response to the motion to dismiss.

**{¶2}** The Supreme Court has explained, "For a writ of procedendo, [a petitioner] must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995)." *State ex rel. Culgan v. Collier* (2013), 135 Ohio St.3d 436, 437, 988 N.E.

**{¶3}** Additionally, the Supreme Court has held that a judge's performance of the requested act makes the complaint in procedendo moot. *State ex rel. Hazel v. Bender*, 129 Ohio St.3d 496, 496, 954 N.E.2d 114, 115 (Ohio,2011).

**{¶4}** Subsequent to the filing of the instant complaint, Respondent ruled on the motion for jail time credit. For this reason, we grant the motion to dismiss the instant petition as moot.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur