[Cite as *Javitch Block, L.L.C. v. Shaughnessy*, 2021-Ohio-436.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JAVITCH BLOCK, LLC,                          :

      Relator,                              :

                              No. 110255

      v.                                   :

HONORABLE MICHAEL P.
SHAUGHNESSY,                                 :

      Respondent.                          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 12, 2021

---

Writs of Mandamus and Procedendo
Motion No. 544100
Order No. 544209

---

### *Appearances:*

Javitch Block LLC, Michael D. Slodov, and James Y. Oh, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew D. Greenwell, Assistant Prosecuting Attorney, *for respondent*.

MARY J. BOYLE, A.J.:

{¶ 1} Javitch Block, LLC ("Javitch"), the relator, has filed a complaint for a writ of mandamus and a writ of procedendo to compel Judge Michael P.

Shaughnessy, the respondent, to "rule on a pending motion to settle and approve an App.R. 9(C) statement of proceedings" and "enter a sealing order and transmit a sealed exhibit as part of the record" in *Smith v. Javitch Block, LLC*, 8th Dist. Cuyahoga No. 110154. Judge Shaughnessy has filed a Civ.R. 12(B)(6) motion to dismiss that is granted for the following reasons.

{¶ 2} In order to obtain a writ of mandamus, it must be demonstrated that (1) Javitch possesses a clear legal right to the relief requested, (2) that Judge Shaughnessy possesses a clear legal duty to provide the requested relief, and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Cook v. Bowling Green City School Dist. Bd. of Edn.*, 160 Ohio St.3d 371, 2020-Ohio-3252, 157 N.E.3d 699; *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452. To be entitled to a writ of procedendo, Javitch must show (1) a clear legal right to require Judge Shaughnessy to proceed to judgment, (2) a clear legal duty on the part of Judge Shaughnessy to proceed to judgment, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). Where a court has refused or unnecessarily delayed in entering judgment, a writ of procedendo is proper to prod the court to proceed to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995). It is well-settled that neither mandamus nor procedendo will compel the performance of a duty that has already been performed. *State ex rel.*

*Grove v. Nadel*, 84 Ohio St.3d 252, 703 N.E.2d 304 (1998); *State ex rel. Merritt v. Deweese*, 5th Dist. Richland No. 09-CA-76, 2009-Ohio-5291.

{¶ 3} Attached to Judge Shaughnessy's motion to dismiss are copies of judgment entries, journalized February 5, 2021, that demonstrate Judge Shaughnessy has settled and approved the submitted App.R. 9(C) statement, further ordered that the document submitted for in camera inspection be sealed for the purposes of the pending appeal and be made part of the record in 8th Dist. Cuyahoga No. 110154, and ordered the clerk of courts to transmit the sealed document to the court of appeals. Neither procedendo nor mandamus will compel the performance of a duty already performed. *Thompson v. Donnelly*, 155 Ohio St.3d 184, 2018-Ohio-4073, 119 N.E.3d 1292; *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716; *State ex rel. Breaux v. Court of Common Pleas*, 50 Ohio St.2d 164, 363 N.E.2d 743 (1977). Javitch's complaint for mandamus and procedendo is moot. *State ex rel. Hazel v. Bender*, 129 Ohio St.3d 496, 2011-Ohio-4197, 954 N.E.2d 114; *State ex rel. Brown v. Henson*, 5th Dist. Richland No. 18-CA-82, 2014-Ohio-194.

{¶ 4} It must also be noted that mandamus may not be employed by Javitch to control Judge Shaughnessy's judicial discretion when settling the App.R. 9(C) statement. *See* R.C. 2731.03; *State ex rel. Johnson v. Hunter*, 64 Ohio St.3d 243, 594 N.E.2d 614 (1992).

{¶ 5} Finally, this court, in the exercise of its original jurisdiction, will not entertain questions regarding the form and content of an App.R. 9(C) statement of

evidence or proceedings. Such questions can only be addressed on appeal. *State ex rel. Metro Builders, Inc. v. Jones*, 8th Dist. Cuyahoga No. 69566, unreported (Dec. 14, 1995) (dismissing an action in procedendo seeking to compel the respondent judge to file a "satisfactory" statement of the evidence or proceedings). *See also State ex rel. Fant v. Trumbo*, 22 Ohio St.3d 207, 489 N.E.2d 1316.

{¶ 6} Accordingly, we grant Judge Shaughnessy's motion to dismiss. Costs to Judge Shaughnessy; costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Complaint dismissed.


_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR