OPINION
{¶ 1} Defendant-appellant Albert D. Tanner appeals from the denial of a petition for postconviction relief in the Muskingum County Court of Common Pleas. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was convicted of two counts of receiving stolen property and two counts of failure to comply with an order of a police officer. Appellant was sentenced to the maximum sentence of five years of imprisonment on the counts of failure to comply with an order and to a non-maximum sentence of one year of imprisonment on the two counts of receiving stolen goods. Appellant pursued a direct appeal and this court affirmed his conviction and sentence. State v. Tanner, Muskingum Appellate No. CT2003-0025, 2003-Ohio-7274.
 {¶ 3} On November 21, 2003, while his direct appeal was pending before this court, appellant filed a petition for post-conviction relief. The trial court dismissed appellant's petition for postconviction relief. Upon appeal, this court affirmed the trial court's dismissal of appellant's petition for postconviction relief.
 {¶ 4} Subsequently, on December 6, 2004, appellant filed a second petition for postconviction relief. The trial court ruled on appellant's petition on March 25, 2005. The trial court found that this was appellant's second petition and, as admitted by appellant, that the petition was untimely. Accordingly, the trial court proceeded to consider whether appellant's petition fell under one of the exceptions for the filing of an untimely petition, pursuant to R.C. 2953.23. The trial court concluded that appellant's petition did not meet the requirements for filing a late petition and dismissed appellant's petition.
 {¶ 5} It is from this dismissal that appellant appeals, raising the following assignments of error:
 {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL REVERSABLE [SIC] ERROR, PURSUANT TO UNITED STATES CONSTITUTION ARTICLE VI, AND FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL REVERSABLE [SIC], PURSUANT TO UNITED STATES CONSTITUTION UNDER THE FIFTH AND FOURTEENTH
AMENDMENT'S DUE PROCESS AND EQUAL PROTECTION CLAUSE'S [SIC] O.R.C. [SEC.]2929.14(A)(3), (E)(3)(4) AND 2953.08(C) AND CRIMINAL RULE 52(B) AND CRIMINAL RULE 32(A)."
 {¶ 8} This case is before us on the accelerated calendar docket.[1]
 I II {¶ 9} Prior to addressing appellant's assignments of error, this court will review whether the trial court had jurisdiction to consider appellant's appeal. In his petition, appellant conceded that the petition was subject to R.C. 2953.23(A). Unless the requirements of R.C. 2953.23(A) are met, the trial court has no jurisdiction to consider an untimely or second petition for postconviction relief. State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612; State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882; State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058.
 {¶ 10} Revised Code 2953.23(A) provides as follows, in pertinent part:
 {¶ 11} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless . . .:
 {¶ 12} "Both of the following apply:
 {¶ 13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. R.C. 2953.23(A)(1).
 {¶ 15} Appellant filed this second petition for postconvcition relief based upon Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and State v. Comer, 99 Ohio St.3d 463, 793 N.E.2d 473.[2]
Based upon our review of the record, we agree with the trial court's finding that appellant failed to meet the requirements of R.C. 2953.23(A)(1)(a).
 {¶ 16} First, the Blakely decision has no application in the case sub judice. In Blakely, the Supreme Court held that to avoid a violation of the Sixth Amendment to the United States Constitution, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 124 S. Ct. at 2536
(quoting Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S. Ct. 2348,147 L.Ed.2d 435). However, in this case, the trial court did not sentence appellant to any term beyond the statutory maximum. Therefore, theBlakely decision does not apply. See State v. Hoke, Knox App. No. 05CA5, 2005-Ohio-3548. Appellant was not sentenced to more than the prescribed statutory maximum sentence. Further, appellant was not unavoidably prevented from discovering the facts upon which appellant must rely to present the claim for relief. Thus, appellant has not met the requirements of R.C. 2953(A)(1)(a).
 {¶ 17} In Comer, the Ohio Supreme Court stated that a trial court is required to make the statutorily enumerated findings on the record during sentencing. Id., at paragraphs one and two of the syllabus. However, appellant was not unavoidably prevented from discovery of the facts upon which the petitioner must rely to present such a Comer claim nor isComer a United States Supreme Court decision recognizing a new federal or state right that applies retroactively to persons in the petitioner's situation. As such, appellant has not met the requirements of R.C. 2953.23(A)(1)(a) on this claim either.
 {¶ 18} Appellant cannot meet the requirements of R.C. 2953.23(A)(1)(b) either. The issues raised by appellant do not relate to his conviction or to a death sentence. State v. Graber, Stark App. No. 2004CA00344,2005-Ohio-2413.
 {¶ 19} Accordingly, this court finds that the trial court correctly found that it was without jurisdiction to consider appellant's petition for postconviction relief.[3]
 {¶ 20} Accordingly, appellant's assignments of error are overruled and the Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. and Hoffman, J. concur.
[1] App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: "(E) Determination and judgment on appeal.
"The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusory form."
[2] Appellant asserts that as a result of Comer, Crim. R. 32 was amended and that amendment is retroactive pursuant to Schiro v.Summerlin (2004), 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442.
[3] In so holding, we note that appellant has complained that the trial court failed to hold a hearing on the petition or file findings of fact and conclusions of law in support of its dismissal of the petition. When the court lacks jurisdiction to entertain the merits of the petition, it lacks jurisdiction to hold a hearing. See State v. Halliwell (1999),134 Ohio App.3d 730, 734, 732 N.E.2d 405; State v. Jalowiec, Lorain App. No. 02CA008130, 2003 WL 21396681. Further, the trial court is not required to issue findings and conclusions when denying an untimely or successive petition. See, e.g., State ex rel. Carroll v. Corrigan
(1999), 84 Ohio St.3d 529, 530 (successive petition); State v. Reed,
Mahoning App. No. 03MA77, 2004-Ohio-1544; State v. Davis, Mahoning App. No. 01CA171, 2002-Ohio-2789; State v. Perdue (Dec. 12, 1999), Mahoning App. No. 98CA156, 1999 WL 1138567.