[Cite as *State v. Poulton*, 2014-Ohio-1198.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2013-0030 |
| ADAM POULTON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No.  CR2013-0011


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 14, 2014


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
RON WELCH
ASSISTANT PROSECUTOR
27 North Fifth Street, Suite 201
Zanesville, Ohio  43702-0189

For Defendant-Appellant

JEFFREY M. BRANDT
ROBINSON & BRANDT
629 Main Street
Suite B
Covington KY  41011

*Wise, J.*

{¶1}. Defendant-Appellant Adam Poulton appeals from his convictions, in the Muskingum County Court of Common Pleas, on several felony offenses, including aggravated robbery. The relevant facts leading to this appeal are as follows.

{¶2}. On January 10, 2013, Dresden Police Officer Scott Caldwell was on routine patrol when he observed an African-American male, later identified as Jeffrey Body, enter a residence at 801 Canal Street, in an area known for illegal drug activity. Officer Caldwell also noticed a Cadillac automobile moving through the area. A few minutes later, he returned to the area of the residence and saw a number of people in the middle of the street. Officer Caldwell then saw Body, with blood on his person, running away from the group of people. The officer notified the Muskingum County Sheriff's Office for assistance. Body thereafter told investigators that he had been jumped and robbed by three or four males. During the altercation, Body suffered several broken bones to his face and was robbed of his wallet and automobile.

{¶3}. After appellant was apprehended, he was interviewed by Detective Brady Hittle of the Muskingum County Sheriff's Office. The interview was recorded on DVD, as further analyzed infra.

{¶4}. On January 16, 2013, the Muskingum County Grand Jury indicted appellant on the following charges:

{¶5}. 1) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(1), 2941.145, and 2941.149;

{¶6}. 2) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(3), 2941.145, and 2941.149;

{¶7}. 3) Felonious Assault with a firearm specification and repeat violent offender specification, a felony of the second degree, R.C. 2903.11(A)(1), 2941.145, and 2941.149;

{¶8}. 4) Theft (motor vehicle), a felony of the fourth degree, R.C. 2913.02(A)(1);

{¶9}. 5) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(2);

{¶10}. 6) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(3);

{¶11}. 7) Theft ($1,000-$7,500), a felony of the fifth degree, R.C. 2913.02(A)(1).

{¶12}. Appellant appeared with his attorney for arraignment on January 23, 2013, at which time he entered pleas of not guilty to all of the aforesaid counts.

{¶13}. On March 26, 2013, appellant's trial attorney filed a written motion to withdraw as counsel. The trial court denied said motion via judgment entry the next day.

{¶14}. Prior to trial, the trial court asked the parties to brief whether certain portions of appellant's statements, made during his interview with Detective Hittle, were admissible under Evid.R. 410, concerning whether the statements may have been made in an effort to obtain a favorable plea. After reviewing the briefs and the DVD of the police interview and conducting a short hearing before the commencement of the trial, the court ruled that the statements should be admitted. See Tr. at 6-17.

{¶15}. The case proceeded to a jury trial on May 30, 2013. After hearing the evidence and viewing the DVD of appellant's interview with Detective Hittle, the jury returned a verdict of guilty on all charges and specifications.

{¶16}. At sentencing, the trial court found the following counts would merge: Counts One, Two, and Three; Counts Four and Seven; Counts Five and Six; all firearm specifications; and all repeat violent offender specifications. The court also found that Counts One and Two would merge with Counts Four and Seven. The trial court thereupon sentenced appellant to an aggregate prison term of sixteen years.

{¶17}. Appellant herein raises the following two Assignments of Error:

{¶18}. "I. THE TRIAL COURT ERRED IN ADMITTING STATEMENTS MR. POULTON MADE DURING THE COURSE OF PLEA DISCUSSIONS.

{¶19}. "II. THE TRIAL COURT ERRED IN DENYING COUNSEL'S MOTION TO WITHDRAW, LEADING TO DENIAL OF MR. POULTON'S RIGHTS TO COUNSEL OR CHOICE OF COUNSEL."

I.

{¶20}. In his First Assignment of Error, appellant argues the trial court erred in admitting into evidence certain statements he had previously made during plea negotiations. We disagree.

{¶21}. The admission or exclusion of evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343. Our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. *State v. Oman* (Feb. 14, 2000), Stark App.

No. 1999CA00027. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

**{¶22}.** Evid.R. 410 governs inadmissibility of pleas, offers of pleas, and related statements. Subsection (A)(5) states the following:

**{¶23}.** "(A) Except as provided in division (B) of this rule, evidence of the following is not admissible in any civil or criminal proceeding against the defendant who made the plea or who was a participant personally or through counsel in the plea discussions: *** (5) any statement made in the course of plea discussions in which counsel for the prosecuting authority or for the defendant was a participant and that do not result in a plea of guilty or that result in a plea of guilty later withdrawn."

**{¶24}.** In *State v. Frazier* (1995), 73 Ohio St.3d 323, at the syllabus, the Supreme Court of Ohio held as follows in regard to Evid.R. 410:

**{¶25}.** "In determining admissibility of statements made during alleged plea discussions, the trial court must first determine whether, at the time of the statements, the accused had a subjective expectation that a plea was being negotiated. The trial court must then determine whether such an expectation was reasonable under the circumstances. *** "

**{¶26}.** In making our analysis, the totality of the circumstances must be reviewed. *See Frazier* at 337.

**{¶27}.** In the case sub judice, the DVD Exhibit reveals that appellant spoke to Detective Hittle after waiving his Miranda rights. The detective informed appellant of the potential charges, suggesting that appellant was "possibly" looking at facing a

charge of aggravated robbery with a gun specification, felonious assault with a gun specification, and aggravated burglary with a gun specification. Hittle also stated, "but all that could change." Hittle added: "Where I'm at right now, if you want to give your side of the story, then I'm willing to take it, and I'll go meet with [Prosecutor] Mike Haddox, right now after we're done, and come back over and let you know what he has to say." Appellant at first rejected the idea, challenging the existence of a gun at the scene. He also denied that Jeffrey Body had any money on him and insisted one of the other men decided to take Body's car. Appellant then abruptly informed Hittle that he had information regarding an unrelated stash of "ice" (crystal methamphetamine), as well as an unrelated murder case from Guernsey County. Appellant said that "that's what I'm trying to put on the table." Appellant then indicated that if he had done anything, it was just that he had "beat Jeff's ass." But he stopped short of reporting everything he knew. Hittle responded: "Well, I've got to know what I can take to Mike [Haddox] and what I can take to Guernsey County." Appellant, in response, referred to the ice and murder information as "the only two bargaining chips I got." Appellant told Hittle that he did not want the state to "stack" the charges against him. Hittle left the interview room for a few minutes. Upon his return, Hittle indicated the possibility of a sole charge of felonious assault from the prosecutor. Hittle again stated that he would meet with Prosecutor Haddox and return. However, he clearly told appellant he could not do "anything from behind this desk" without talking to the prosecutor. Hittle's final return is not shown on the DVD, although appellant asserts that Hittle came back and offered, on behalf of the prosecutor's office, a deal for a misdemeanor assault charge in exchange for appellant's remaining information.

{¶28}. Although appellant presently urges that Detective Hittle was seeking to make a plea deal on behalf of the prosecutor's office, we reiterate that Evid.R. 410(A)(5) clearly states that a defense attorney or an attorney for the prosecutor must be a participant in the plea discussions in order for the rule to apply. *See*, e.g., *State v. Meeds*, 2nd Dist. Miami No. 2003 CA 5, 2004-Ohio-3577, ¶ 20. We are unpersuaded that Detective Hittle's generalized references to leaving and speaking with the prosecutor made that official a "participant" in a plea deal. Hittle repeatedly communicated to appellant that any such deal would be in the hands of the prosecutor; moreover, the entire interview took place before appellant was booked in the jail or formally indicted. It is well-recognized that the rule is "not intended to be used to hamper police at such an early investigatory stage." *See State v. Cassell*, 10th Dist. Franklin Nos. 08AP-1093, 08AP-1094, 2010-Ohio-1881, ¶ 65, quoting *State v. Kidder* (1987), 32 Ohio St.3d 279, 285, 513 N.E.2d 311. Furthermore, while the jurors' viewing of the DVD in this instance most likely created the inference that appellant had information about the assault and robbery of Jeffrey Body and that appellant was almost certainly at the scene, we find appellant's further incrimination of himself in the video beyond an unarmed assault is limited at best.

{¶29}. Upon review, we are unable to conclude the trial court abused its discretion in finding appellant did not have a reasonable expectation of a plea deal at the time in question, and thereby declining to strike the DVD of the police interview. We find no basis to vacate appellant's convictions and remand the matter for a new trial.

{¶30}. Accordingly, appellant's First Assignment of Error is overruled.

II.

{¶31}. In his Second Assignment of Error, appellant contends the trial court erred in denying his trial counsel's motion to withdraw from representation.[1] We disagree.

{¶32}. The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defense." This right "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624–25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). A criminal defendant who desires and is financially able to retain his own counsel should be afforded a fair opportunity to secure counsel of his own choice. *State v. Grigsby*, 5th Dist. Licking No. 13-CA-11, 2013-Ohio-2300, ¶ 17 (internal quotations and citations omitted).

{¶33}. In *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the United States Supreme Court stated: "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.* at 589, 84 S.Ct. at 849. In *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), the Court stated that a trial court's responsibility of assembling witnesses, lawyers and jurors for trial "counsels against continuances except for compelling reasons."

---

[1]   Appellant's present appellate counsel did not represent him at trial.

{¶34}. Appellant's trial counsel's motion to withdraw included a short memorandum which merely referenced unspecified irreconcilable differences between counsel and appellant. Appellant presently concedes that his trial attorney did not specify out the nature of the breakdown, in part due to protecting confidential communications, but he urges that "it appears the attorney refused to fully communicate with Mr. Poulton or interview witnesses because of the lack of full payment." *See* Appellant's Brief at 1, 10. Nonetheless, we find appellant's argument speculates as to events dehors the record, and therefore is not properly raised in a direct appeal. See *State v. Lawless,* Muskingum App. No. CT2000–0037, 2002–Ohio–3686, citing *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452.

{¶35}. Appellant's Second Assignment of Error is therefore overruled.

{¶36}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs separately.

JWW/ 0225

{¶37} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶38} I further concur in the majority's disposition of Appellant's first assignment of error. Unlike the majority, I would find Appellant's statements to Hittle as to what Appellant wanted relayed to Haddox (the prosecutor), followed by Hittle leaving the interview room for the purpose of consulting the prosecutor and coupled with Hittle's statement upon return of the possibility of a single felonious assault charge, all combined to create a reasonable, subjective expectation on Appellant's part a plea was being negotiated with the prosecutor.[2] I find such sufficient to render the prosecutor a participant at that point in time for purposes of the rule even if the prosecutor was not actually contacted.

{¶39} However, Appellant's incriminating statements concerning his allegedly limited involvement in the underlying crimes were made prior to Hittle's first leaving the interview room to purportedly go speak to the prosecutor. At that point in time, the prosecutor was not yet a participant. Accordingly, such statements are admissible.

{¶40} Appellant does not specifically identify in his brief any inculpatory statements made during the video interview in reliance of negotiating a plea. From my review of the video, I find nothing Appellant says upon Hittle's return to the interview

---

[2] I am not convinced our standard of review is abuse of discretion. *Sage* deals only with the admission or exclusion of "relevant" evidence.

room, appears specifically connected to the underlying charges nor provides any additional incriminating statements not previously disclosed prior to Hittle's first leaving the room.  As such, any further statements are at best, harmless.


_____

HON. WILLIAM B. HOFFMAN