[Cite as *State v. Poulton*, 2017-Ohio-60.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Respondent-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2016-0023 |
| ADAM C. POULTON | |
| Petitioner-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2013-0011

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 9, 2017

APPEARANCES:

For Respondent-Appellee                 For Petitioner-Appellant

D. MICHAEL HADDOX                      ADAM C. POULTON, PRO SE
Prosecuting Attorney                     A686-056
Muskingum County, Ohio                  Ross Correctional Institution
                                        P.O. Box 7010
By: GERALD V. ANDERSON II              Chillicothe, Ohio 45601
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, J.*

**{¶1}** Petitioner-appellant Adam C. Poulton appeals the May 9, 2016 Judgment Entry entered by the Muskingum County Court of Common Pleas setting forth findings of fact and conclusions of law relative to the trial court's July 9, 2015 denial of Appellant's petition to vacate or set aside judgment of conviction or sentence pursuant to R.C. 2953.21. Respondent-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On January 16, 2013, the Muskingum County Grand Jury indicted appellant on the following charges:

**{¶3}** 1) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(1), 2941.145, and 2941.149;

**{¶4}** 2) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree, R.C. 2911.01(A)(3), 2941.145, and 2941.149;

**{¶5}** 3) Felonious Assault with a firearm specification and repeat violent offender specification, a felony of the second degree, R.C. 2903.11(A)(1), 2941.145, and 2941.149;

**{¶6}** 4) Theft (motor vehicle), a felony of the fourth degree, R.C. 2913.02(A)(1);

**{¶7}** 5) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(2);

---

[1] A full rendition of the underlying facts is unnecessary for resolution of this appeal.

**{¶8}** 6) Having a Weapon While Under Disability, a felony of the third degree, R.C. 2923.13(A)(3);

**{¶9}** 7) Theft ($1,000–$7,500), a felony of the fifth degree, R.C. 2913.02(A)(1).

**{¶10}** Appellant appeared with his attorney for arraignment on January 23, 2013, at which time he entered pleas of not guilty to all of the aforesaid counts.

**{¶11}** On March 26, 2013, Appellant's trial attorney filed a written motion to withdraw as counsel. The trial court denied said motion via judgment entry the next day.

**{¶12}** The case proceeded to a jury trial on May 30, 2013. Appellant waived his right to a jury trial as to the repeat violent offender specifications. The trial court found Appellant guilty of the specifications.

**{¶13}** After hearing the evidence, the jury returned a verdict of guilty on all charges.  At sentencing, the trial court found the following counts would merge: Counts One, Two, and Three; Counts Four and Seven; Counts Five and Six; all firearm specifications; and all repeat violent offender specifications. The court also found that Counts One and Two would merge with Counts Four and Seven. The trial court thereupon sentenced appellant to an aggregate prison term of sixteen years.

**{¶14}** Appellant filed a direct appeal from his convictions in *State v. Poulton*, Muskingum App. No. CT2013-0030, 2014-Ohio-1198, <u>appeal not allowed,</u> 2014-Ohio-2487, 139 Ohio St. 3d 1420, 10 N.E.3d 739. This Court affirmed Appellant's convictions, and found Appellant's argument with regard to the ineffective assistance of counsel "speculates as to events dehors the record, and therefore is not properly raised in a direct appeal." Id.

{¶15} Appellant filed a pro se petition to vacate or set aside judgment of conviction or sentence on December 19, 2013. Appellant filed separate motions for the appointment of an expert private investigator and the appointment of counsel to aid in investigating his claims.

{¶16} Appellant's petition asserts he was denied the effective assistance of trial counsel after the trial court denied his counsel's motion to withdraw as counsel via Journal Entry entered March 27, 2013. Appellant maintains trial counsel "refused to accept calls from petitioner's family, failed to interview or call possible witnesses in petitioner's defense, and failed to prepare or present a defense of petitioner's innocence." Appellant attached affidavits, his own, his aunt, and co-defendant Joseph Roth's, in support of his petition. Appellant's own affidavit avers he attempted to contact counsel "to aide in the petitioner's defense" or contacted the attorney and the attorney failed to follow the leads which "could have proved" Appellant's innocence. Appellant's petition sought the appointment of an expert private investigator to produce the evidence, and appointment of counsel to fully investigate and litigate Appellant's claims.

{¶17} Appellant also attached the affidavit of Joseph Roth, which averred:

> I attempted to contact Attorney Todd Long, on several occasions as to the possibility of my testifying on behalf of the defense in which he represented Adam Poulton, Mr. Long in return failed to contact me in anyway what so ever, even when he was made aware of Mr. Poultons [sic] family that I was one of the Co-defendants, in Mr. Poultons [sic], case and could have helped prove his innocence.
>
> Roth, Affidavit of Truth, 12/10/2013

**{¶18}** Via separate judgment entries entered July 9, 2015, the trial court denied Appellant's petition to vacate or set aside judgment of conviction or sentence, motion for expert assistance (private investigator), and motion for appointment of counsel.

**{¶19}** Appellant filed a motion for findings of fact and conclusions of law on July 27, 2015.

**{¶20}** On August 6, 2015, Appellant filed a notice of appeal to this Court.

**{¶21}** Via opinion and judgment entry of March 7, 2016, this Court held in *State v. Poulton,* Muskingum App. No. CT2016-041, 2016-Ohio-901,

> [A] judgment entry without findings of fact and conclusions of law is not a final, appealable order. *State v. Evans,* 9th Dist. 10CA0020, 2012–Ohio–1120, citing *State v. Beard,* 9th Dist. No. 07CA009240, 2008–Ohio 3722.

> Here, the trial court's July 9, 2015 Judgment Entry denied Appellant's petition for post-conviction relief without making the statutorily required findings of fact and conclusions of law. Pursuant to R.C. 2953.21 and Ohio case law, we find the July 9, 2015 Judgment Entry is not a final appealable order as the entry does not set forth findings of fact and conclusions of law other than denying Appellant's petition for post-conviction relief without a hearing. Accordingly, the appeal is dismissed for lack of a final appealable order.

**{¶22}** On remand, the trial court, via Judgment Entry of July 9, 2016, issued findings of fact and conclusions of law, again denying Appellant's petition.

**{¶23}** Appellant appeals, assigning as error:

I. THE LOWER COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING THEREBY DENYING HIM RIGHT TO COUNSEL AND COUNSEL OF CHOICE GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION TEN, OF THE OHIO CONSTITUTION.

II. THE LOWER COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL AND EXPERT ASSISTANCE THEREBY DENYING HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SIMILAR PROVISIONS OF THE OHIO CONSTITUTION.

I. and II.

**{¶24}** Appellant's assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶25}** Appellant maintains the trial court erred in denying his petition to vacate or set aside convictions or sentence, pursuant to R.C. 2953.21. The statute reads, in pertinent part,

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void

or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶26} Appellant claims he was denied effective assistance of trial counsel because his trial counsel failed to prepare a defense; failed to return phone calls from himself, his family, and potential witnesses; and failed to interview possible witnesses. Appellant asserts he was denied the counsel of his choice at trial when the trial court denied counsel's motion to withdraw.

**{¶27}** A defendant may only seek post-conviction relief for violations of his State and Federal Constitutional rights. Both the United States Constitution and the Ohio Constitution provide for the right to assistance of counsel. The Sixth Amendment to the United State Constitution provides a defendant with the right to the effective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate, but for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶28}** Neither the State nor Federal Constitutions provide the right to counsel of the defendant's choice.

**{¶29}** In support of his petition for post-conviction relief, Appellant submitted three affidavits; his own, his aunt, Linda Sowers; and co-defendant Joseph Roth's. We find Appellant's affidavit is self-serving. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient. *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP–715, 2004–Ohio–2640, paragraph 12. Appellant's self-serving affidavit is insufficient to demonstrate Appellant suffered any prejudice by his counsel's alleged failure. We do not find he was denied the effective assistance of counsel as a matter of law. *State v. Finch,* Licking App. No. 11-CA-1114, 2012-Ohio-4727; *Maluke v. Lake Twp.* 5th Dist.2012CA00001, 2012–Ohio–3661. We find Appellant's suggestion of prejudice as a result of counsel's alleged errors merely speculative.

**{¶30}** The affidavit of Linda Sowers avers Appellant had her call Attorney Long a number of times, requesting Attorney Long visit him while incarcerated. She states Appellant had her call Attorney Long to inform him Appellant still had not received "discoveries." Sowers avers Attorney Long returned her call, but stated "he could not run down to Zanesville every time Adam needed to see him, that he had not received payment yet, and that he was filing with the court to dismiss himself from being Adam's Attorney." We find Sowers' affidavit does not, as a matter of law, satisfy the prejudice prong of *Strickland*, supra.

**{¶31}** The affidavit of Joseph Roth avers he attempted to contact Attorney Long on several occasions as to the possibility of testifying on behalf of the defense. He states Attorney Long failed to contact him, and, as a co-defendant, he could have helped Appellant be proved innocent. The affidavit of Joseph Roth does not state any specifics about how he would have aided in Appellant's defense, but only generally concludes he could have helped. Such does not demonstrate how Attorney Long's failure to contact Roth prejudiced Appellant's defense. Even if we accept the affidavit as true, Appellant has not demonstrated how the communication or interview would have changed the outcome of the trial herein. [2]

**{¶32}** Following this Court's remand to the trial court for findings of fact and conclusions of law as to the trial court's July 9, 2015 denial of Appellant's petition, the trial court, via Journal Entry of May 9, 2016, made the following finding,

---

[2] Appellant maintains Attorney Long failed to interview witnesses to prepare a defense. Appellant only identifies Joseph Roth as a potential witness, and does not state what the potential witnesses would have testified to at trial.

Defendant Poulton has failed to provide any evidence that Attorney Todd Long was less than fully prepared. Also, Attorney Long zealously represented Defendant. The State called approximately ten (10) witnesses. Testimony against Defendant Poulton was overwhelming, reliable and convincing. A review of the trial transcript shows that Defense Counsel was thoroughly prepared for trial. Counsel vigorously, intelligently and effectively cross-examined the State's witnesses. Counsel was prepared with approximately thirteen (13) exhibits. Defense Counsel was clearly not ineffective.

Defendant Poulton provides no credible evidence or reason that with different or better counsel, he would have prevailed at trial.

May 9, 2016, Journal Entry.

**{¶33}** The trial court specifically commented Mr. Long represented his client well. Tr. at 359-360.

**{¶34}** Appellant does not have a right to counsel of his choice. The trial court denied counsel's motion to withdraw as counsel. However, Appellant did not attempt to retain substitute counsel, although he was free to do so. Appellant was initially represented by court appointed counsel, but retained Attorney Long on his own behalf.

**{¶35}** We find Appellant has not demonstrated, but for the alleged failures of trial counsel, the outcome of the trial would have been different.

**{¶36}** Based upon the above, we find the trial court did not abuse its discretion in overruling Appellant's motion for expert assistance and appointment of counsel.

**{¶37}** Appellant's first and second assignments of error are overruled.

{¶38}  The May 9, 2016 Journal Entry entered by the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur