[Cite as *State v. Poulton*, 2019-Ohio-1705.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2018-0052 |
| ADAM POULTON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. CR2013-0011


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      May 3, 2019


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
TAYLOR P. BENNINGTON
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

ADAM POULTON
PRO SE
Madison Corr. Institute
P. O. Box 740
London, Ohio 43140

*Wise, P. J.*

{¶1} Defendant-Appellant Adam Poulton appeals from the decision of the Court of Common Pleas, Muskingum County, which denied his successive petition for post-conviction relief. The relevant facts and procedural history leading to this appeal are as follows.

{¶2} On or about January 10, 2013, Jeffrey Body was jumped and robbed in Dresden, Ohio, allegedly by three or four males. During the altercation, Body suffered several broken bones to his face and had his wallet and automobile forcibly taken. Appellant was thereafter apprehended as a suspect and interviewed at the Muskingum County Sheriff's Office.

{¶3} On January 16, 2013, the Muskingum County Grand Jury indicted appellant on the following charges:

1) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree; 2) Aggravated Robbery with a firearm specification and repeat violent offender specification, a felony of the first degree; 2) Felonious Assault with a firearm specification and repeat violent offender specification, a felony of the second degree; 4) Theft (motor vehicle), a felony of the fourth degree; 5) Having a Weapon While Under Disability, a felony of the third degree; 6) Having a Weapon While Under Disability, a felony of the third degree; and 7) Theft ($1,000–$7,500), a felony of the fifth degree.

{¶4} Following a trial on May 30, 2013, the jury returned a verdict of guilty on all charges and specifications. At sentencing, the trial court found the following counts would merge: Counts One, Two, and Three; Counts Four and Seven; Counts Five and Six; all

firearm specifications; and all repeat violent offender specifications. The court also found that Counts One and Two would merge with Counts Four and Seven. The trial court thereupon sentenced appellant to an aggregate prison term of sixteen years.

{¶5} Appellant thereafter appealed, arguing that the trial court had erred in (1) admitting into evidence certain statements he had previously made during plea negotiations, and (2) denying his trial counsel's motion to withdraw from representation. We affirmed appellant's convictions on March 14, 2014, with one judge concurring separately on the first assigned error. *See State v. Poulton*, 5th Dist. Muskingum No. CT2013-0030, 2014-Ohio-1198. We thereafter denied appellant's motions to reconsider and to reopen, and the Ohio Supreme Court declined to accept further appeal.

{¶6} On December 19, 2013, appellant filed a *pro se* petition for post-conviction relief (captioned as a "petition to vacate or set aside judgment of conviction or sentence"), relying upon R.C. 2953.21. The trial court denied the petition for post-conviction relief via a judgment entry issued July 9, 2015.  Appellant then appealed to this Court. We dismissed the appeal on March 7, 2016, finding that the judgment entry in question "[was] not a final appealable order as the entry does not set forth findings of fact and conclusions of law other than denying appellant's petition for post-conviction relief without a hearing." *State v. Poulton*, 5th Dist. Muskingum No. CT2015-0041, 2016-Ohio-901, ¶ 18.

{¶7} Following our dismissal of the aforesaid appeal, the trial court, on May 9, 2016, issued findings of fact and conclusions of law, again denying appellant's post-conviction petition. Appellant again appealed to this Court. Upon review, we affirmed the trial court's denial of appellant's petition, and further the trial court had not abused its discretion in overruling appellant's additional motions for expert assistance and

appointment of counsel. *State v. Poulton*, 5th Dist. Muskingum No. CT2016-0023, 2017-Ohio-60 (decided January 9, 2017). On May 31, 2017, the Ohio Supreme Court declined to accept appellant's appeal. *State v. Poulton*, 149 Ohio St.3d 1421, 2017-Ohio-4038, 75 N.E.3d 238.

**{¶8}** In the meantime, on March 19, 2015, appellant had filed a petition for a writ of procedendo with this Court. We dismissed said petition on September 16, 2015, for failure to state a claim upon which relief could be granted. *See Poulton v. Cottrill*, 5th Dist. Muskingum No. CT2015-0014, 2015-Ohio-3857. The Ohio Supreme Court affirmed our decision on September 14, 2016. *See State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 4.

**{¶9}** On July 16, 2018, appellant filed a 29-page successive *pro se* petition for post-conviction relief, with supporting affidavits. In essence, appellant claimed that he had been denied due process of law and a fair trial in 2013 by (1) his defense counsel's decision not to call certain witnesses and (2) the allegedly forced trial testimony of appellant's sister, Amy Poulton.

**{¶10}** On July 26, 2018, the trial court issued a two-sentence judgment entry denying appellant's successive PCR petition.

**{¶11}** On August 14, 2018, appellant filed a *pro se* notice of appeal. He herein raises the following two Assignments of Error:

**{¶12}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT SUMMARILY DENIED APPELLANT'S POSTCONVICTION PETITION WITHOUT MAKING A DETERMINATION THAT (1) IT LACKED JURISDICITON [SIC] TO ENTERTAIN THE PETITION; (2) THAT APPELLANT WAS NOT UNAVOIDABLY

PREVENTED FROM DISCOVERY OF THE FACTS UPON WHICH APPELLANT RELY [SIC] TO SUPPORT HIS CLAIM FOR RELIEF; AND (3) THAT APPELLANT HAD NOT SHOWN BY CLEAR AND CONVINCING EVIDENCE NO REASONABLE FACTFINDER WOULD NOT [SIC] HAVE FOUND APPELLANT GUILTY.

**{¶13}** "II.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD [AN] EVIDENTIARY HEARING."

I.

**{¶14}** In his First Assignment of Error, appellant contends the trial court erred and/or abused its discretion in denying his successive petition for post-conviction relief without making findings based on the language set forth in R.C. 2953.23(A)(1). We disagree.

**{¶15}** In order for a trial court to recognize an untimely or successive post-conviction petition, pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ***."

**{¶16}** The decision to entertain a second or successive petition for post-conviction relief and/or a motion for a new trial rests in the sound discretion of the trial court. *State v. Noling*, 11th Dist. Portage No. 2007-P-0034, 2008-Ohio-2394, ¶ 34, citing *State v. Hayden,* 2nd Dist. Montgomery No. 21764, 2007-Ohio-5572, at ¶ 12. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶17}** Generally, if a trial court dismisses a petition for post-conviction relief without a hearing, it must provide findings of fact and conclusions of law as to why the petition was dismissed. *State v. Staats,* 5th Dist. Stark No. 2015CA00207, 2016–Ohio–2921, ¶ 19, citing *State v. Lester,* 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. However, no findings of fact or conclusions of law are necessary in denying untimely or successive petitions for postconviction relief. *State v. Tanner*, 5th Dist. Muskingum No. CT2005-0022, 2005-Ohio-5377, f.n. 3, citing *State ex rel. Carroll v. Corrigan*, 84 Ohio St.3d 529, 1999–Ohio–367, 705 N.E.2d 1226.

**{¶18}** In support of his first petition for post-conviction relief in 2013, appellant had submitted three affidavits: his own, his aunt's (Linda Sowers), and his co-defendant's (Joseph Roth). The latter two affidavits generally centered on attempts the affiants had made to contact appellant's defense counsel concerning the trial. *See State v. Poulton*, 2017-Ohio-60, ¶¶ 30-31.

**{¶19}** In the successive 2018 petition for post-conviction relief now at issue, appellant again attached the Roth affidavit, but also added a new affidavit of his own, a "2013" affidavit from his sister Amy, and a 2016 alibi affidavit signed by Jim Barnard, a bartender.

**{¶20}** "Generally, self-serving affidavits submitted by a defendant in support of his claim for post-conviction relief are, without more, insufficient to trigger the right to a hearing or to justify granting the petition." *State v. Short*, 2nd Dist. Montgomery No. 27399, 2018-Ohio-2429, ¶ 64. Furthermore, appellant concedes in his brief that the aforesaid Roth and Barnard affidavits are not newly discovered evidence. *See* R.C. 2953.23(A)(1)(a); Appellant's Brief at 19.

**{¶21}** Our focus thus turns to the Amy Poulton affidavit. Amy, appellant's sister, therein averred that although she had picked up her friend James "Hub" Rickets in Dresden in the early morning hours of January 10, 2013, subsequent to the assault on Jeffrey Body, she had *not* picked up appellant, and that appellant was not involved in the beating of Body. Despite this, she averred that she had falsely told the jury at appellant's trial that she had picked appellant up that night and dropped him off on Route 146. She claimed that Detective Hittle had a vendetta against appellant and had coerced her into testifying against her brother by threatening her with jail time and reporting her to children's services officials.

**{¶22}** Although Amy's affidavit purports to have been subscribed on August 6, 2013, appellant presently asserts that he did not obtain a copy of it until 2018, and thus

was unavoidably prevented from the facts therein until Amy decided to release it.[1]

However, newly discovered evidence that recants trial testimony is looked upon with the

"utmost suspicion." *State v. Kinley*, 2nd Dist. Clark No. 2016-CA-11, 2018-Ohio-2423, ¶

44. "Newly discovered evidence must do more than merely impeach or contradict

evidence at trial, and there must be some compelling reason to accept a recantation over

testimony given at trial." *State v. Fortson,* 8th Dist. Cuyahoga No. 82545, 2003–Ohio–

5387, ¶ 13.

**{¶23}** A trial court is free to assess the credibility of evidentiary documents

submitted in support of a post-conviction relief petition. *State v. Harris*, 8th Dist. Cuyahoga

No. 89156, 2008-Ohio-934, ¶ 38. Although the trial court in this instance did not go into

detail regarding its assessment of the PCR petition and supporting affidavits, it was not

required to do so on a successive petition. *Tanner*, *supra*. We note that in the first PCR

denial by the trial court, it had ultimately found that "[the] testimony against Defendant

Poulton was overwhelming, reliable and convincing." *See Poulton*, 2017-Ohio-60, ¶ 32,

quoting the trial court's May 9, 2016 journal entry. Furthermore, "[a] general principal of

appellate review is the presumption of regularity; that is, a trial court is presumed to have

followed the law unless the contrary is made to appear in the record." *A-M.R. v. Columbus*

---

[1]  Although we are not the triers of fact in this matter, we observe the "2013" affidavit appears chronologically inconsistent. At one point Amy states, in future tense, that she will release the document to her brother *after* her youngest daughter turns eighteen, but she later therein states that "my kids are young women now, over the age of 18 and can take care of themselves and I am no longer scared to tell the truth ***." We also observe that the notary public's commission set forth on the signature page expires in 2022, suggesting a five-year commission commencing in 2017 (*see* R.C. 147.03), despite the affiant's stated subscribing date of August 6, 2013.  These apparent inconsistencies may have been factors in the trial court's credibility assessment.  *See Harris, supra.*

*City School Dist.*, 10th Dist. No. 14AP-1066, 2015-Ohio-3781, 41 N.E.3d 489, ¶ 41, Sadler, J., dissenting (additional citations and internal quotations omitted).

**{¶24}** Accordingly, upon review, we find no error or abuse of discretion, under the present circumstances, in the trial court's decision to summarily deny appellant's successive PCR petition.

**{¶25}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶26}** In his Second Assignment of Error, appellant contends the trial court erred and/or abused its discretion in denying his successive petition for post-conviction relief without conducting a hearing. We disagree.

**{¶27}** Where an appellant has failed to establish the applicability of any exceptions allowing for the filing of an untimely, successive petition for post-conviction relief, a trial court may properly deny same without a hearing, as it lacks jurisdiction for review. *See State v. Reed*, 10th Dist. Franklin No. 13AP-450, 2013-Ohio-5145, ¶ 11. In other words, "the purpose of a hearing on a postconviction claim is to aid the court in determining the claim on its merits. It follows that the court need not conduct a hearing on a postconviction claim that the court has no jurisdiction to entertain." *State v. Peoples*, 1st Dist. Hamilton No. C-050620, 2006-Ohio-2614, ¶ 10.

**{¶28}** Accordingly, under the circumstances of the case *sub judice*, we hold the trial court did not err or abuse its discretion in denying appellant's 2018 successive PCR petition without holding an evidentiary hearing.

{¶29} Appellant's Second Assignment of Error is therefore overruled.

{¶30} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d  0404