**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Marsh,* Slip Opinion No. 2014-Ohio-5242.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5242

[THE STATE EX REL.] ROBERTS, APPELLANT, *v.* MARSH, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Marsh,* Slip Opinion No. 2014-Ohio-5242.]**

*Procedendo—Motion for new trial—Writ compelling judge to rule on motion not available when ruling already issued—Dismissal of petition affirmed.*

(No. 2014-0716—Submitted November 18, 2014—Decided December 3, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-140180.

———————————

**Per Curiam.**

{¶ 1} We affirm the First District Court of Appeals' dismissal of the petition for a writ of procedendo filed by appellant, Mallon Roberts.  Roberts was found guilty of murder following a jury trial.  On appeal he argued that certain evidence should not have been allowed in the trial.  *State v. Roberts*, 1st Dist. Hamilton No. C-050279, 2007-Ohio-856.  His conviction was affirmed.  Despite having argued the issue on appeal, Roberts filed a motion for a new trial on the

same basis on November 7, 2013. Shortly thereafter, the trial court judge, respondent Melba Marsh, overruled the motion.

{¶ 2} Roberts filed this action in the court of appeals, asking that the court issue a writ of procedendo ordering Judge Marsh to rule on his motion. Judge Marsh filed a motion to dismiss, asserting that the motion for a new trial had been ruled on. The court of appeals, finding that the motion to dismiss was "well taken," dismissed the case. Roberts appealed.

{¶ 3} To be entitled to a writ of procedendo, Roberts must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 4} Roberts asserts that Judge Marsh's ruling on his motion was not a proper ruling, as it did not include findings of fact and conclusions of law as required for judgments denying postconviction relief under R.C. 2953.21.

{¶ 5} However, Roberts could have appealed Judge Marsh's ruling on the basis that it lacked findings of fact and conclusions of law or he could have moved for such findings and conclusions. He therefore had adequate alternative remedies in the ordinary course of the law. In addition, as Judge Marsh has in fact ruled on his motion, he is not entitled to a writ of procedendo.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would dismiss the appeal.

_____

Mallon Roberts, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____