[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Poulton v. Cottrill,* Slip Opinion No. 2016-Ohio-5789.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5789

[THE STATE EX REL.] POULTON, APPELLANT, *v.* COTTRILL, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Poulton v. Cottrill,* Slip Opinion No. 2016-Ohio-5789.]

*Procedendo—Petition seeking writ requiring judge to rule on motion moot—Court of appeals' dismissal of petition affirmed.*

(No. 2015-1755—Submitted July 12, 2016—Decided September 14, 2016.)

APPEAL from the Court of Appeals for Muskingum County, No. CT2015-0014, 2015-Ohio-3857.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Court of Appeals for the Fifth District dismissing a petition for a writ of procedendo filed by appellant, Adam C. Poulton. Poulton seeks a writ requiring appellee, Judge Kelly J. Cottrill, to rule on his motion to vacate or set aside the judgment of his conviction. However, as Judge Cottrill

has ruled on his motion, Poulton's petition for a writ of procedendo is moot, and the court of appeals correctly dismissed it.

{¶ 2} To be entitled to a writ of procedendo, Poulton must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995). Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318, 725 N.E.2d 663 (2000).

{¶ 3} After filing his complaint, Poulton filed a memorandum arguing that the complaint was not moot. The memorandum emphasized that although Judge Cottrill had ruled on his motion to vacate or set aside the judgment of his conviction, she had not issued findings of fact and conclusions of law. However, because he did not provide a copy of the entry to the court of appeals, that court could not determine whether Judge Cottrill had issued findings of fact and conclusions of law. Poulton filed another motion including a copy of the entry, but the court of appeals denied the motion.

{¶ 4} Judge Cottrill did not refuse to enter judgment. Rather, Poulton is dissatisfied with the entry that she issued. A writ of procedendo is therefore inappropriate. Moreover, Poulton had an adequate remedy in the ordinary course of the law by way of appeal of the entry. *State ex rel. Roberts v. Marsh*, 142 Ohio St.3d 481, 2014-Ohio-5242, 33 N.E.3d 6, ¶ 4, 5 (appeal is an adequate alternative remedy precluding a writ of procedendo). We therefore affirm the judgment of the court of appeals.

**{¶ 5}** Poulton also filed in this court a motion for default judgment, asserting that Judge Cottrill failed to file a merit brief here. We deny Poulton's motion because Judge Cottrill did, in fact, timely file a merit brief in this court and, in any event, Poulton's brief does not reasonably appear to sustain reversal. *See* S.Ct.Prac.R. 16.07(B) ("If the appellee fails to file a merit brief within the time provided by S.Ct.Prac.R. 16.03 or as extended in accordance with S.Ct.Prac.R. 3.03, the Supreme Court may accept the appellant's statement of facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain reversal").

**{¶ 6}** Finally, Poulton requests oral argument. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). This case presents a straightforward application of the criteria for a writ of procedendo rather than a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *See State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and the cases cited therein. We therefore deny Poulton's motion for oral argument.

Judgment affirmed
and motions denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Adam C. Poulton, pro se.

D. Michael Haddox, Muskingum County Prosecuting Attorney, and Gerald V. Anderson II, Assistant Prosecuting Attorney, for appellee.

_____