[Cite as *State ex rel. Horton v. Fleegle*, 2018-Ohio-771.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL., | : | JUDGES: |
| ROBERT HORTON, SR. | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Petitioner | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | |
| | : | |
| JUDGE MARK C. FLEEGLE | : | Case No. CT2017-0101 |
| Muskingum County | : | |
| Common Pleas Court | : | |
| | : | |
| Defendant-Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Procedendo

JUDGMENT:          Dismissed

DATE OF JUDGMENT:          March 1, 2018

APPEARANCES:

For Plaintiff-Petitioner                          For Defendant-Respondent

ROBERT HORTON SR, Pro Se          NO APPEARANCE
#A719-622
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH  43724

*Wise, Earle, J.*

## PROCEDURAL HISTORY

{¶ 1}   Petitioner, Robert Horton, filed an appeal with this Court.  That case was assigned as Muskingum County Case Number CT2017-0020.  We issued our opinion in that case on July 28, 2017.  As part of our decision, we issued the following order: "[T]his cause is remanded to that court with instructions to make findings of fact and conclusions of law." *State v. Horton*, 5th Dist. Muskingum No. CT2017-0020, 2017-Ohio-7052, ¶ 20.

{¶ 2}   Petitioner filed the instant Petition for Writ of Procedendo on December 20, 2017 requesting Respondent be ordered to issue findings of fact and conclusions of law as ordered in our decision in Muskingum Case Number CT2017-0020.

{¶ 3}   On August 29, 2017, the trial court did issue findings of fact and conclusions of law.

## PROCEDENDO

{¶ 4}   "To be entitled to a writ of procedendo, [a petitioner] must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995)." *State ex rel. Poulton v. Cottrill,* 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 2.

{¶ 5} "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

{¶ 6} Even though the trial court issued findings of fact and conclusions of law on August 29, 2017, Petitioner filed a motion requesting the trial court issue findings of fact and conclusions of law on November 8, 2017.

{¶ 7} The Ohio Supreme Court's Rules of Superintendence 40(A)(3) states that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." The Ohio Supreme Court has held that this rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013–Ohio–1762, 988 N.E.2d 564, ¶ 8.

{¶ 8} According to the trial court's docket, Respondent has not yet issued a judgment entry relative to the November 8, 2017 motion, however, the complaint was filed December 20, 2017 only 42 days after the motion was filed.

{¶ 9} Because Respondent has already issued findings of fact and conclusions of law as required by our July 28, 2017 opinion and because the November 8, 2017

{¶ 10}  motion was only pending 42 days before the instant complaint was filed, we find Petitioner has failed to demonstrate the elements required for the issuance of a writ of procedendo.  The instant complaint is therefore dismissed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/as