[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Thompson v. Donnelly,* Slip Opinion No. 2018-Ohio-4073.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4073

THOMPSON, APPELLANT, *v.* DONNELLY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Thompson v. Donnelly,* Slip Opinion No. 2018-Ohio-4073.]

*Procedendo—Mandamus—Court of appeals correctly denied complaint because procedendo will not compel performance of a duty that has already been performed—Appellant not entitled to extraordinary relief in mandamus because he had an adequate remedy by way of appeal—Court of Appeals' judgment affirmed.*

(No. 2018-0014—Submitted April 10, 2018—Decided October 11, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 106100.

_____

**Per Curiam.**

{¶ 1} Appellant, Lamar Thompson Jr., appeals the decision of the Eighth District Court of Appeals denying his complaint for a writ of procedendo against Cuyahoga County Common Pleas Court Judge Michael Donnelly. We affirm.

*Background*

**{¶ 2}** On August 8, 2017, Thompson filed a complaint in the Eighth District for a writ of procedendo, in which he alleged that his postconviction petition had been pending before Judge Donnelly, without decision, for more than six months. Judge Donnelly filed a motion for summary judgment on September 5, 2017. Along with the motion, he submitted a judgment entry, dated August 1, 2017, denying Thompson's postconviction petition.

**{¶ 3}** The court of appeals granted the motion and denied the writ, in part because procedendo "will not compel the performance of a duty that has already been performed." 8th Dist. Cuyahoga No. 106100, 2017-Ohio-8892, ¶ 2. The court also held that the complaint was procedurally defective: Thompson failed to file an affidavit of prior civil actions and a statement of his inmate account, as required by R.C. 2969.25(A) and (C). *Id*. at ¶ 3-4.

**{¶ 4}** Thompson appealed.

**{¶ 5}** We hold that the court of appeals correctly denied the writ on the ground of mootness. *See State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 1-2 (affirming dismissal of procedendo complaint when respondent judge had already issued the judgment entry that the complaint sought to compel); *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 7 (appellant not entitled to writ of procedendo when appellee judge had already denied the motion on which appellant had sought to compel a ruling).

**{¶ 6}** Thompson's merit brief does not address this legal argument, other than to suggest that he was unaware that Judge Donnelly had ruled on the postconviction petition. Instead, he argues that the evidence was not sufficient to sustain his underlying criminal conviction (proposition of law 1) and that his guilty plea was not made voluntarily or with the requisite understanding set forth in Crim.R. 11 (proposition of law 2). Neither issue was raised in the complaint, so they have been waived. *State ex rel. Sevayega v. Gallagher*, 151 Ohio St.3d 208,

2017-Ohio-8369, 87 N.E.3d 212, ¶ 16. And even if they *had* been raised, extraordinary relief in mandamus, which is what Thompson is apparently now arguing for, would not be available because Thompson had an adequate remedy by way of appeal. *State ex rel. Thomas v. Franklin Cty. Court of Common Pleas*, 141 Ohio St.3d 547, 2015-Ohio-474, 26 N.E.3d 810, ¶ 4 (direct appeal is an adequate remedy to challenge the sufficiency of the evidence); *May-Dillard v. State*, 8th Dist. Cuyahoga No. 105064, 2017-Ohio-194, ¶ 6 (direct appeal is an adequate remedy to challenge voluntariness of a plea).

{¶ 7} The court of appeals correctly determined that Thompson's complaint failed to state a claim in procedendo.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

—————————

Lamar Thompson, Jr., pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for respondent.

—————————