[Cite as *Jones v. Gallagher*, 2022-Ohio-700.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEMETRIUS JONES,                           :

    Relator,                               :

                      No. 111169

    v.                                     :

JUDGE HOLLIE L. GALLAGHER,                 :

    Respondent.                            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** March 7, 2022

---

Writ of Procedendo
Motion No. 552065
Order No. 552711

---

### *Appearances:*

Demetrius Jones, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Relator, Demetrius Jones, seeks to compel respondent, Judge Hollie L. Gallagher, to issue rulings on a petition for postconviction relief and motion for appointment of counsel that Jones alleged he filed in an underlying criminal case on

December 13, 2012. Respondent has issued rulings in the underlying case, rendering relator's complaint for writ of procedendo moot. Therefore, we deny the requested writ.

**Procedural and Factual History**

{¶ 2} On December 29, 2021, Jones filed a complaint for writ of procedendo. In the complaint, he alleged that respondent was the judge presiding over an underlying criminal case, *State v. Jones*, Cuyahoga C.P. No. CR-09-524453. There, Jones was convicted of the murder of a one-year-old child left in his care on March 24, 2009, for which he received an indefinite prison sentence of 15 years to life. Jones alleged that on December 13, 2012, he filed a timely petition for postconviction relief and motion for appointment of counsel in that case. At the time he filed the instant complaint, some nine years later, Jones asserted that no rulings on these filings had been journalized. The complaint sought to compel respondent to rule on the petition and motion, including issuing findings of fact and conclusions of law.

{¶ 3} On January 24, 2022, respondent filed a motion for summary judgment. She argued that Jones's claims for relief are now moot because, on January 24, 2022, she ruled on Jones's postconviction-relief petition, issued findings of fact and conclusions of law, and denied his request for appointment of counsel. Certified copies of these entries were attached to the motion for summary judgment, which were further supported by affidavit.

**{¶ 4}** Jones did not timely file a brief in opposition to respondent's motion for summary judgment.

**Law and Analysis**

**{¶ 5}** The action is before this court on respondent's motion for summary judgment. "Summary judgment is proper when an examination of all relevant materials filed in the action reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C)." *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 165 Ohio St.3d 71, 2021-Ohio-2071, 175 N.E.3d 539, ¶ 7.

**{¶ 6}** "'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 16, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). A successful relator must demonstrate, by clear and convincing evidence, that he or she possesses "a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 2.

**{¶ 7}** A complaint for writ of procedendo becomes moot where, during the pendency of the action, the court proceeds to judgment. *State ex rel. Roberts v. Hatheway*, Slip Opinion No. 2021-Ohio-4097, ¶ 5, citing *State ex rel. Morgan v. Fais*, 146 Ohio St.3d 428, 2016-Ohio-1564, 57 N.E.3d 1140, ¶ 4.

**{¶ 8}** Here, Jones has received all the relief to which he is entitled. Respondent proceeded to judgment on Jones's filings. Therefore, there is nothing left for this court to direct respondent to do. "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Poulton* at ¶ 2, citing *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318, 725 N.E.2d 663 (2000). A writ of procedendo may only be used to direct a judge of an inferior tribunal to issue a decision. It cannot be used to control the discretion that a judge exercises, only that the decision be issued. *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 18, citing *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204, 478 N.E.2d 789 (1985).

**{¶ 9}** The present action is moot, meaning Jones's claim for relief must be denied.

**{¶ 10}** Respondent also argues that Jones's complaint is fatally defective because Jones failed to comply with mandatory provisions of R.C. 2969.25. Respondent is correct.

**{¶ 11}** An inmate that initiates a civil action against a government employee or agency must comply with the provisions of R.C. 2969.25 by filing, at the time the complaint is filed, an affidavit of prior civil actions. R.C. 2969.25(A); *State ex rel. Bey v. Bur. of Sentence Computation*, Slip Opinion No. 2022-Ohio-236, ¶ 20. Jones did not file such an affidavit. This is grounds for denying the requested relief. *Id.*

**{¶ 12}** Further, if the inmate seeks to waive the filings fee, as Jones does here, the inmate must also file affidavits required by R.C. 2969.25(C). The affidavit

of waiver and affidavit of indigency required by this section must contain "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier"; and "[a] statement that sets forth all other cash and things of value owned by the inmate at that time." R.C. 2969.25(C)(1)-(2). Jones has not filed affidavits that comply with these provisions. Jones's affidavit of indigency attached to his complaint does not contain a statement certified by the institutional cashier where he is housed, and it does not set forth the balance of his inmate account for the preceding six months. These provisions are mandatory and strict compliance is necessary. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 7, quoting *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. *See also State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761 ("an inmate's explanation for noncompliance is not relevant" where an inmate fails to file an affidavit that complies with R.C. 2969.25(C) because strict compliance is necessary).

{¶ 13} Jones's complaint for writ of procedendo is moot because respondent has proceeded to judgment. Further, the complaint is procedurally defective, precluding relief. Respondent's motion for summary judgment is granted. The complaint for writ of procedendo is denied. Costs to respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 14}** Writ denied.


_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

SEAN C. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR