[Cite as *Johnson v. Torres-Lugo*, 2025-Ohio-5530.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STEPHEN-E: JOHNSON,　　　　　　:

　　　　Relator,　　　　　　　　:

　　　　　　　　　　　　　　　　　　No. 115375
　　v.　　　　　　　　　　　　:

ADMIN JUDGE: JAZMIN TORRES-　　:
LUGO,

　　　　　　　　　　　　　　　　:

　　　　Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** December 5, 2025

---

Writ of Mandamus
Motion Nos. 588531 and 588567
Order No. 590187

---

### *Appearances:*

Stephen-E: Johnson, *pro se.*

Mark D. Griffin, Cleveland Director of Law, Gilbert E. Blomgren and Caroline E. Lettrich, Assistant Directors of Law, *for respondent.*

ANITA LASTER MAYS, J.:

{¶ 1} Stephen-E: Johnson, the relator, has filed a complaint for a writ of mandamus. Johnson seeks an order that requires Judge Jazmin Torres-Lugo, the respondent, to issue rulings with regard to a motion to vacate conviction and a

motion to stay execution of sentence, fines, and costs filed in *Cleveland v. Johnson*, Cleveland M.C. No. 2025-TRD-002740.[1] Judge Torres-Lugo has filed a motion to dismiss that is granted for the following reasons.

## A. Failure to Comply with Civ.R. 10(A)

{¶ 2} Civ.R. 10(A) states that the caption of a complaint must include the "names and addresses of all the parties. . . ." Johnson has not included the address of any party in the caption of his complaint. It is well settled that the failure to properly caption a mandamus action is sufficient grounds for denying the writ. *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 133 (2001); *Scott v. Sargeant*, 2009-Ohio-1745, ¶ 5 (6th Dist.). The failure to comply with Civ.R. 10(A) prevents this court from granting the request for a writ of mandamus.

## B. Failure to Comply with R.C. 2731.04

{¶ 3} Johnson is not entitled to a writ of mandamus because R.C. 2731.04 provides that an application for a writ of mandamus must be brought in the name of the state on the relation of the person applying. Thus, a complaint for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34. *Accord Maloney v. Sacks*, 173 Ohio St. 237 (1962). Johnson's complaint was not brought in the name of the state,

---

[1] Johnson has incorrectly identified Judge Jazmin Torres-Lugo, the respondent, as the administrative judge of the Cleveland Municipal Court. Judge Michelle D. Earley, not a party to this action for mandamus, is the administrative and presiding judge of the Cleveland Municipal Court.

and therefore his claims for a writ of mandamus are properly dismissed. *Shoop v. State,* 2015-Ohio-2068, ¶ 10.

## C. Complaint is Moot

{¶ 4} Attached to the motion to dismiss are copies of judgment entries, journalized September 26, 2025, and October 3, 2025, that demonstrates Judge Torres-Lugo has addressed Johnson's pro se motion to vacate conviction and injunction to stay execution of sentence, fines, and court costs. Judge Torres-Lugo has performed her duty to render rulings with regard to Johnson's motions.

{¶ 5} Relief is unwarranted because the request for a writ of mandamus is moot. This court will not compel the performance of a duty that has already been performed. *State ex rel. Ames v. Pokorny*, 2021-Ohio-2070, ¶ 7; *Thompson v. Donnelly*, 2018-Ohio-4073, ¶ 5.

{¶ 6} Accordingly, we grant Judge Jazmin Torres-Lugos's motion to dismiss. Costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Complaint dismissed.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR