[Cite as *State ex rel. Peterson v. Miday*, 2026-Ohio-191.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL. DAMIEN L.
PETERSON,

                              :

    Relator,

                              :               No. 115723

    v.

                              :

JUDGE SHERRIE M. MIDAY,    :

    Respondent.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED IN PART AND
                  GRANTED IN PART
**DATED:** January 16, 2026

---

Writ of Procedendo
Order No. 591284
Motion No. 590805

---

### *Appearances:*

Damien L. Peterson, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Craig A. McClelland, Assistant Prosecuting
Attorney, *for respondent*.

MARY J. BOYLE, J.:

{¶ 1} Damien L. Peterson ("Peterson") has filed a complaint for a writ of procedendo. Peterson seeks an order from this court that requires Judge Sherrie M.

Miday ("Judge Miday") to render a ruling with regard to a second and successive petition for postconviction relief, filed in *State v. Peterson*, Cuyahoga C.P. No. CR-19-639520-A, on December 27, 2024. Peterson also seeks an order that requires Judge Miday to comply with Civ.R. 58, which requires the trial court to endorse on any civil judgment a direction to the clerk to serve upon all parties notice of the judgment and its date of entry upon the journal. Judge Miday has filed a motion to dismiss that is granted in part and denied in part.

## I. Complaint for Procedendo is Moot

{¶ 2} Attached to the motion to dismiss is a copy of a judgment entry that demonstrates a ruling that denied Peterson's second and successive petition for postconviction relief and was journalized on December 18, 2025. Relief is unwarranted because the request for a writ of procedendo is moot. Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Ames v. Pokorny*, 2021-Ohio-2070, ¶ 7; *Thompson v. Donnelly*, 2018-Ohio-4073, ¶ 5; *State ex rel. S.Y.C. v. Floyd*, 2020-Ohio-5189, ¶ 9 (8th Dist.). *See also State ex rel. Williams v. Croce,* 2018-Ohio-2703, ¶ 7; *State ex rel. Fontanella v. Kontos,* 2008-Ohio-1431, ¶ 6.

## II. Civ.R. 58(B) Notice to Clerk of Courts

{¶ 3} Because an action for postconviction relief constitutes a civil proceeding, the notice requirement of Civ.R. 58(B) is applicable to any judgment rendered with regard to a motion for postconviction relief. *State v. Nichols*, 11 Ohio St.3d 40, 43 (1984). This court, in *State v. Tucker,* 2011-Ohio-4092, ¶ 9 (8th Dist.),

specifically addressed the issue of Civ.R. 58(B) and the requirement that the trial court direct the clerk of courts to serve notice upon the parties of a civil judgment.

{¶ 4} A review of the docket in Cuyahoga C.P. No. CR-19-639520-A fails to demonstrate that Judge Miday has complied with Civ.R. 58(B) when issuing civil judgments that denied or dealt with Peterson's second and successive petition for postconviction relief.[1] Thus, Judge Miday must comply with Civ.R. 58(B) and reissue any judgments, that denied Peterson's second and successive petition postconviction relief or dealt with his second and successive petition for postconviction relief, to contain language that directs the clerk of courts to serve upon all parties notice of the judgment and its date of entry upon the journal.

{¶ 5} Accordingly, we grant in part and deny in part Judge Miday's motion to dismiss. Costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 6} Complaint dismissed in part and granted in part.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

---

[1] An appellate court is permitted to take judicial notice of publicly accessible online court dockets. *Fipps v. Day*, 2022-Ohio-3434, ¶ 2 (8th Dist.)