[Cite as *State ex rel. Rainey v. Vodrey*, 2026-Ohio-2329.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. JARED RAINEY,                    :

    Relator,                    :

                                             No. 116304

    v.                    :

WILLIAM L. VODREY,                    :

    Respondent.                    :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  COMPLAINT DISMISSED
**DATED:**  June 17, 2026

Writ of Procedendo
Order No. 596145
Motion No. 594149

*Appearances:*

Jared Rainey, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Bridget E. Dever, Assistant Prosecuting Attorney, *for respondent.*

DEENA R. CALABRESE, J.:

{¶ 1}  Jared Rainey, the relator, has filed a complaint for a writ of procedendo.  Rainey seeks an order from this court that compels Judge William L.

Vodrey, the respondent, to render a ruling with regard to a motion for jail-time credit filed in *State v. Rainey*, Cuyahoga C.P. No. CR-22-673724. Judge Vodrey has filed a motion to dismiss the complaint for procedendo that is granted.

{¶ 2} Attached to the motion to dismiss the complaint for procedendo is a copy of a judgment entry, journalized April 16, 2023, which demonstrates Judge Vodrey has issued a ruling with regard to Rainey's motion for jail-time credit. Relief is unwarranted because the request for a writ of procedendo, with regard to the motion for jail-time credit, is moot. Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Ames v. Pokorny*, 2021-Ohio-2070, ¶ 7; *Thompson v. Donnelly*, 2018-Ohio-4073, ¶ 5; *State ex rel. S.Y.C. v. Floyd*, 2020-Ohio-5189, ¶ 9 (8th Dist.).

{¶ 3} It must also be noted that this court will not issue an extraordinary writ in order to correct any error associated with the calculation of jail-time credit. Any error associated with the calculation of jail-time credit must be addressed through a direct appeal. *State ex rel. Sullivan v. Cuyahoga Cty. Court of Common Pleas*, 2023-Ohio-318, ¶ 3 (8th Dist.).

{¶ 4} Finally, we find that Rainey's complaint for a writ of procedendo fails to comply with R.C. 2969.25(A) and (C). Specifically, Rainey failed to file an affidavit of prior civil actions as required by R.C. 2969.25(A). In addition, Rainey has failed to provide a certified copy of the institutional cashier's statement, where he is incarcerated, setting forth the balance in his inmate account as required by R.C. 2969.25(C). The requirements of R.C. 2969.25 are mandatory, and the failure to

provide this court with an affidavit of prior civil actions and a certified institutional cashier's statement requires dismissal of Rainey's complaint for procedendo. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998). The failure to comply with R.C. 2969.25(A) and (C) cannot be cured by amendment or later filings. *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8; *Fuqua v. Williams*, 2003-Ohio-5533, ¶ 9.

{¶ 5} Accordingly, we grant Judge Vodrey's motion to dismiss. Costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and date of entry upon the journal as required by Civ.R. 58(B).

{¶ 6} Complaint dismissed.

_____
DEENA R. CALABRESE, JUDGE

SEAN C. GALAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR